United States District Court
Southern District of Texas
**ENTERED**
March 19, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADLEY GARRETT, <br> TDCJ #02052570, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice, Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-18-3338 |

## MEMORANDUM OPINION AND ORDER

Bradley Garrett (TDCJ #02052570) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief from a prison disciplinary conviction. Now pending is Respondent's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 12), Petitioner's Motion to Respond to Respondent's Motion for Summary Judgment with Brief in Support ("Petitioner's Response") (Docket Entry No. 18), and Petitioner's "Motion to Submitt [sic] New Evidence Concerning Issues [Raised by] Petitioner's Petition 2254 Habeas" ("Petitioner's Motion") (Docket Entry No. 19). After reviewing all of the pleadings, the administrative records, and the applicable law, the court will dismiss this case for the reasons explained below.

I. **Background**

Garrett is currently serving a 30-year prison sentence in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a 2016 murder conviction that was entered against him in Harris County Cause No. 1432872.[1] The conviction was affirmed on direct appeal in a published opinion. See Garrett v. State, 518 S.W.3d 546 (Tex. App. — Houston [1st Dist.] 2017, pet. ref'd).

Garrett does not challenge his underlying conviction. Instead, he seeks relief in the form of a federal writ of habeas corpus to challenge a prison disciplinary conviction that was entered against him in TDCJ Case No. 20170287038.[2] Records reflect that Garrett was charged in that case with assaulting another inmate, which caused injuries requiring treatment beyond first aid.[3] The incident happened at the Dalhart Unit on May 23, 2017.[4] A disciplinary hearing officer found Garrett guilty as charged on May 30, 2017.[5] As a result of this disciplinary conviction, Garrett was restricted to his cell without commissary, recreation,

---

[1] Petition, Docket Entry No. 1, p. 2.

[2] Id. at 5.

[3] TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 13-1, p. 3.

[4] Id.

[5] Id.

or telephone privileges for 45 days, and he also forfeited 299 days of previously earned good-time credit.[6]

Following his transfer to the Estelle High Security Unit in Huntsville, Garrett filed the pending Petition for a writ of habeas corpus to challenge his prison disciplinary conviction, which he claims was entered against him without due process because "falsified" documents were presented, evidence was withheld, and his counsel substitute failed to conduct a sufficient investigation.[7] The respondent argues that the Petition must be dismissed as moot because the disciplinary conviction was overturned on appeal and the punishment assessed was deleted from Garrett's record.[8]

## II. **Discussion**

The Supreme Court has explained that a habeas petition becomes moot and must be dismissed if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." Spencer v. Kemna, 118 S. Ct. 978, 983 (1998). Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" Id. (quoting Lewis v. Continental Bank Corp., 110 S. Ct. 1249, 1253-54 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to

---

[6]Id.

[7]Id. at 1, 6-7.

[8]Respondent's MSJ, Docket Entry No. 12, pp. 5-6.

the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 118 S. Ct. at 983 (quoting Lewis, 110 S. Ct. at 1253).

The respondent has presented evidence showing that the challenged disciplinary conviction was overturned and the punishment that was assessed has been deleted from his record.[9] Disciplinary records provided by the respondent confirm that, although Garrett has had numerous other disciplinary convictions entered against him, no further action has been taken as a result of the incident that occurred at the Dalhart Unit on May 23, 2017.[10] Based on these records, Garrett has not suffered any actual injury that can be redressed on habeas corpus review where his overturned conviction in TDCJ Case No. 20170287038 is concerned.

Garrett, who is now in custody at the Coffield Unit, argues that dismissing his Petition as moot would allow TDCJ officials to "cover[] up" the falsification of documents and the violation of constitutional rights that occurred in Case No. 20170287038 and in other disciplinary proceedings filed against him.[11] However, Garrett does not allege any facts showing that, due to the overturned conviction in TDCJ Case No. 20170287038, he continues to

---

[9]Respondent's MSJ, Exhibit B, Affidavit of Amy Oliver, Docket Entry No. 12-3, p. 2.

[10]Respondent's MSJ, Exhibit C, Disciplinary Records, Docket Entry No. 12-4, p. 2 (listing disciplinary convictions for eight other offenses).

[11]Petitioner's Response, Docket Entry No. 18, p. 3.

-4-

suffer adverse collateral consequences of the sort that could be remedied in a habeas corpus proceeding.[12] Absent collateral consequences that could be remedied by a writ of habeas corpus, the Petition will be dismissed as moot.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or

---

[12]Garrett argues that his constitutional rights were violated due to restrictive conditions of confinement while he was in prehearing detention for the charges filed against him in TDCJ Case No. 20170287038, and as the result of classification changes to his custody level after the conviction was entered. See Petitioner's Response, Docket Entry No. 18, pp. 3-5. According to an administrative grievance response submitted by Garrett, his custodial classification is currently at G5 due to a different disciplinary conviction that he received for "fighting with injuries beyond first aid" on August 22, 2017. See Step 1 Grievance No. 2019004524, Docket Entry No. 19, p. 6. To the extent that he takes issue with the conditions of his confinement, those claims are actionable, if at all, in a civil rights complaint under 42 U.S.C. § 1983, and not in a habeas corpus proceeding. See, e.g., Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997); Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994). Accordingly, the court does not address these allegations.

wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). The court concludes that jurists of reason would not debate the assessment of the petitioner's claims or whether the petitioner has demonstrated the violation of a constitutional right. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Petitioner's Motion to Respond to Respondent's Motion for Summary Judgment with Brief in Support (Docket Entry No. 18) and Petitioner's "Motion to Submitt [sic] New Evidence Concerning Issues [Raised by] Petitioner's Petition 2254 Habeas" (Docket Entry No. 19) are **GRANTED**.

2. Respondent's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**.

3. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Bradley Garrett (Docket Entry No. 1) is **DISMISSED without prejudice as moot**.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 19th day of March, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE